Anthony **DUKE, Sr.** and Carolyn **Duke, Plaintiffs,**

v.

**CROP GROWERS INSURANCE, INC.,** Fireman's Fund Agribusiness, Inc., and Federal Crop Insurance Corp., a/k/a Risk Management Agency, Defendants.

No. Civ.A. G–99–540.

United States District Court, S.D. Texas, Galveston Division.

Dec. 2, 1999.

John Thomas Kirtley, III, McLain Law Firm, Houston, TX, for Anthony Duke, Sr., Carolyn Duke, plaintiffs.

William Kurt Henke, Henke Heaton and Bufkin, Clarksdale, MS, Steven Carl Windsor, Greer Herz & Adams, Galveston, TX, R. Jefferson Allen, Henke–Bufkin, Clarksdale, MS, for Crop Growers Insurance,

Inc., Fireman's Fund Agribusiness, Inc., defendants.

Samuel G. Longoria, U.S. Attorney's Office, Houston, TX, for Federal Crop Insurance Corporation, aka, Risk Management Agency, defendant.

### ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER

KENT, District Judge.

Plaintiffs brought this case seeking *de novo* review of an arbitration award issued in favor of Defendants Crop Growers Insurance, Inc. ("Crop Growers") and Fireman's Fund AgriBusiness, Inc. ("Fireman's Fund"). In the insurance policy that formed the basis for this suit, Defendant Federal Crop Insurance Corp. ("F.C.I.C.") served as guarantor of a loan extended to Plaintiffs by Crop Growers and Fireman's Fund. On November 2, 1999, the Court granted summary judgment to Defendants in response to Defendants Crop Growers and Fireman Fund's Motion to Dismiss. Now before the Court is Defendant F.C.I.C.'s Motion to Dismiss, filed November 2, 1999, and Plaintiff's Motion to Clarify and Reconsider Defendant Crop Growers and Defendant Fireman's Fund's 12(b)(6) Motion to Dismiss, filed November 9, 1999. For the reasons stated below, Plaintiffs' Motion to Reconsider is **DENIED,** and Defendant F.C.I.C.'s Motion is **GRANTED** by virtue of the Final Judgment previously entered in favor of Defendants in this case.

### I. DISCUSSION

A. *Plaintiffs Have Not Made an Adequate Showing to Justify the Court Granting a Motion to Reconsider*

On November 2, 1999, the Court entered Final Judgment for Defendants. In its lengthy opinion, the Court held that the arbitration award granted in favor of Defendants Crop Growers and Fireman's Fund was binding, that the insurance policy in dispute allowed for binding arbitration, and that a finding of binding arbitration in this case is supported by public policy. As a result, the Court granted

summary judgment against Plaintiffs' claims. At the conclusion of the opinion, the Court ordered Plaintiffs "to file no further pleadings on these issues in this Court, including motions to reconsider and the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions." For their part, Plaintiffs have failed to introduce any new evidence or arguments warranting reconsideration of this Court's previous ruling. Indeed, it appears to be little more than Plaintiffs' expression of unhappiness at the result reached by the Court. This Court has neither the time nor the inclination to reevaluate its orders any time a party is displeased with a result. Plaintiff is advised to take heed of that. Consequently, Plaintiffs' Motion to Reconsider is **DENIED.**

B. *Final Judgment Disposed of All Claims Levied Against All Defendants in This Case*

As for claims directed against Defendant F.C.I.C., the Court reiterates that on November 2, 1999, it entered a Final Judgment against Plaintiffs. While the motion the Court considered at that time had only been filed by Defendants Crop Growers and Fireman's Fund, the matters ruled on by the Court in its opinion disposed of *all* claims directed at *any* of the defendants in this case. The reason is quite straightforward.

As a party to this suit, Defendant F.C.I.C. served only to reinsure the private crop insurance policy that Defendants Crop Growers and Fireman's Funds issued to Plaintiffs. Defendant F.C.I.C. did not directly insure Plaintiffs. And, once the direct insurers (*i.e.,* Defendants Crop Insurers and Fireman's Fund) denied the insurance claim that Plaintiffs had filed pursuant to their policy, Plaintiffs elected to resolve their claims by pursuing arbitration, as permitted by the terms of the insurance contract. Ultimately, the arbitrator ruled against Plaintiffs. Now, Plaintiffs seek to have the Court allow

them to reassert the same claims against Defendant F.D.I.C. in federal court. Such maneuvering will not be allowed.

As the Court held in its Motion Granting Summary Judgment for Defendants, the basis for all of Plaintiffs' claims has already been resolved through binding arbitration—this necessarily includes any claims aimed at Defendant F.D.I.C., because if the arbitrator determined that the direct insurer is not liable under the policy, how can the reinsurer be? In an attempt to bridge this apparent jump in logic, Plaintiffs, in their Motion to Reconsider, make a huge brouhaha about the supposed binding nature of 7 U.S.C. § 1508(j)(2), which Plaintiffs claim *requires* this Court to resolve all claims arising out of federally guaranteed crop loans. Because Defendant F.D.I.C. guaranteed Plaintiffs' loans, Plaintiffs reason that the federal statute allows them to continue to pursue a cause of action against Defendant F.D.I.C., the arbitrator's binding decision notwithstanding.

In addition to blatantly mischaracterizing the federal arbitration statute as requiring *only* judicial resolution, Plaintiffs appear to insinuate that the Court does not understand this supposedly crucial concept. But a careful examination of 7 U.S.C. § 1508(j)(2) reveals that this "backwoods" Court can every once in a while properly interpret a federal statute, even if it, in fact, has to move its lips while reading. Contrary to Plaintiffs' representations, this statute does not include any binding language; rather, it reads: "If the FCIC or an FCIC reinsured company refuses to pay a person's claim, that person *can* bring an action for the amount of the claim in federal court." 7 U.S.C. § 1508(j)(2) (1994) (emphasis added). This permissive language, read in conjunction with the Court's previous holding in this case—that the insurance policy forming the basis for Plaintiffs' entire suit has an arbitration provision, which, if implicated, results in binding arbitration—means that Plaintiffs could select *either* federal court or AAA-administered arbitration as the appropriate forum to resolve their dispute.[1] This option applies to claims aimed at any of the defendants. In this case, Plaintiffs chose to arbitrate and lost. Consequently, Plaintiffs cannot possibly argue that they have been denied the opportunity to resolve their claims against Defendant F.D.I.C., because logically for those claims to be viable, Plaintiffs must first attach liability to the direct insurers. That did not occur.

As the Court has stressed in the previous opinion involving this case, the Federal Arbitration Act, along with the federal courts, strongly favor the enforcement of arbitration decisions. And despite being afforded the opportunity, Plaintiffs' Motion to Reconsider fails to offer the Court any viable reason for overturning the findings of the arbitrator—findings that absolve Defendants from liability. In the end, there is no claim left for Plaintiffs to pursue against Defendant F.D.I.C. Therefore, the Court's reaffirms that its granting of summary judgment in favor of Defendants disposed of all of Plaintiffs' claims arising as a result of the arbitration award.

---

1. The Court also frowns on Plaintiffs' obvious attempt to reprimand the Court by using a previously published opinion as a weapon against the Court. The only case cited in Plaintiffs' Motion to Reconsider is *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519 (S.D.Tex.1993). Plaintiffs claim that this opinion requires the Court in this case to allow litigation to proceed in federal court—the binding arbitration notwithstanding—because federal preemption exists. Plaintiffs' reasoning is critically flawed. The Court's discussion of the preemption doctrine in *Brown* took place because the defendants sought to remand the claims involving federal crop insurance to state court. *Id.* at 522. In denying Defendants' motion to remand, the Court held that federal preemption prevented Defendants from litigating the case in state court. *Id.* at 528. The case at bar does not involve a dispute over whether Plaintiffs claims should be resolved in state or federal court. The preemption doctrine is completely irrelevant to the issues that govern the resolution of this case.

## II. CONCLUSION

Because Plaintiffs' Motion to Reconsider raises no evidence or arguments that the Court did not consider when it ruled on Defendant Crop Growers and Defendant Fireman's Fund's Motion to Dismiss. Accordingly, Plaintiffs' Motion to Reconsider is **DENIED,** and the Court's Final Judgment, entered November 2, 1999 in favor of *all* Defendants remains in effect.

**IT IS SO ORDERED.**